Baik & Associates, P.C.
BY: MATTEO SAMUEL WEINER, ESQUIRE
State of New Jersey Attorney
 Identification No. 001982009
2333 Fairmount Avenue
Philadelphia, PA 19130
PHONE: (215) 232-5000
FAX:   (215) 232-3394
E-MAIL: matteow@temple.edu and
 haeyeon.baik@baikandassociates.com         Attorney for Plaintiff

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)**

| | | |
|---|---|---|
| IN RE:<br>KYONG H. KIM, DEBTOR | : | Chapter 11<br>Case No. 02-20654-GMB |
| ADVERSARY ACTION: | : | No. _____ |
| HAE YEON BAIK, ESQUIRE<br>   PLAINTIFF/CREDITOR | : | |
| VS. | : | |
| KYONG H. KIM<br>   DEFENDANT/DEBTOR | :<br>: | Judge: Hon. Gloria M. Burns |

## PLAINTIFF/CREDITOR HAE YEON BAIK, ESQUIRE'S COMPLAINT AGAINST DEFENDANT/DEBTOR KYONG H. KIM

Plaintiff/Creditor Hae Yeon Baik, Esquire, through her attorney, Matteo Samuel Weiner, Esquire, files the following Complaint against Defendant/Debtor Kyong H. Kim, and in support thereof, avers the following:

### THE PARTIES

1. Plaintiff/Creditor is Hae Yeon Baik, Esquire, a duly licensed Pennsylvania attorney with an office at 2333 Fairmount Avenue, Philadelphia, PA 19130 (hereinafter "Plaintiff").

2. Defendant/Debtor is Kyong H. Kim, an adult individual whose last known residential address was 4 Spring Hill Road, Mantua, NJ 08051, and whose business address is Cans & Bottles, Inc., T/A Carool's Liquors, 2007 Admiral Wilson Blvd., Camden, NJ 08105 (hereinafter "Defendant").

## JURISDICTION & VENUE

3. This adversary proceeding arises out of and is related to the above-captioned bankruptcy action. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

4. Venue of this adversary proceeding in this Court is appropriate pursuant to 28 U.S.C. Section 1409.

## BACKGROUND

5. In 2001 and 2002, Plaintiff provided legal services to Defendant, Defendant's husband (Dae Sung Kim), and the corporations owned by Defendant (Cans & Bottles, Inc., T/A Carool's Liquors) and her husband's corporation (Shrimpie's Ribiera, Inc.).

6. Defendant and her husband agreed to pay Plaintiff for these legal services, and Plaintiff performed these legal services on their behalf.

7. From time to time, in 2001 and 2002, Plaintiff mailed bills to Defendant and her husband, showing the legal work that Plaintiff had performed, and requesting payment for said legal work.

8. Since Defendant and her husband visited Plaintiff at Plaintiff's office on a frequent basis in 2001 and 2002, Plaintiff had the opportunity to speak with Defendant and her husband about the aforesaid legal work in person on numerous occasions.

9. Due to the extensive work performed by Plaintiff on behalf of Defendant, her husband and their corporations, Plaintiff's bill grew very large, and the amount of money owed by Defendant continued to increase.

10. Defendant was liable for all the work performed by Plaintiff, because the financial fortunes of Defendant, her husband and their corporations were all intertwined.

11. In October 2002, Plaintiff informed Defendant via letter that Plaintiff could no longer do legal work on Defendant's behalf, because Defendant owed too much money, and was not paying Plaintiff's bills.

12. On November 6, 2002, Defendant filed a voluntary petition in this Honorable Court under Chapter 13 of the U.S. Bankruptcy Code.

13. Defendant's case was later consolidated with a Chapter 11 case filed in this Honorable Court by Defendant's corporation, Cans & Bottles, Inc., which is why Defendant's case is classified as a Chapter 11 case.

14. On March 12, 2003, Plaintiff filed a claim against Defendant in this Honorable Court in the amount of $150,351.00, identified as claim number 4 on the case's claim register. A true and correct copy of said claim is attached as Exhibit P-1, and is hereby incorporated by reference.

15. Plaintiff's claim was for unpaid legal fees that Defendant had incurred from May 2001 through November 5, 2002.

16. Timesheets specifying the legal work performed by Plaintiff, amounting to $150,351.00 in unpaid fees, were attached with the original claim filing on March 12, 2003.

17. Attached to the timesheets was a synopsis of the cases in which Plaintiff had represented Defendant, and the amount owed in each case. A true and correct copy of said synopsis is attached as Exhibit P-2, and is hereby incorporated by reference.

18. According to the synopsis, Plaintiff had billed Defendant a total amount of $191,351.00, of which Defendant had paid $41,000.00, leaving an unpaid amount of $150,351.00.

19. While Defendant's bankruptcy petition was pending in this Honorable Court, Defendant filed an adversary action against Plaintiff in this Honorable Court, alleging that Plaintiff had committed legal malpractice while representing Defendant in 2001.

20. The malpractice case was later moved to the U.S. District Court in New Jersey, Camden Vicinage. The caption of the case was *Kyong H. Kim and Cans & Bottles, Inc., D/B/A Carool's Liquors vs. Hae Yeon Baik, Esquire, Individually, and Law Offices of Hae Yeon Baik,* No. 06-3604 (RBK/JS).

21. On September 26, 2006, Defendant's First Amended Plan of Reorganization under Chapter 11 (hereinafter "the Plan"), was filed with this Honorable Court.

22. On December 18, 2006, the Plan was confirmed by this Honorable Court.

23. The confirmed Plan acknowledged a general unsecured claim filed by Plaintiff against the Defendant on March 12, 2003 in the amount of $150,351.00. A true and correct copy of the page of the Plan that deals with Plaintiff's claim (Page 11) is attached as Exhibit P-3, and is hereby incorporated by reference.

24. The Plan specified that Plaintiff's claims were not to be paid by Defendant unless and until a final non-appealable judgment was reached in the malpractice action, so that any amount of damages to which the Defendant was entitled from the malpractice action would be used to set off Plaintiff's claims against the Defendant.

25. The Plan provided that Plaintiff was entitled to all amounts claimed for her legal fees in excess of Defendant's applicable set off amounts, but that Defendant reserved the right to challenge the validity of such claims.

26. The Plan stated that "once the amounts of Baik's (Plaintiff's) claims, if any, are fixed by a final non-appealable order of this Court, such claims shall be paid without interest within two years of the date of such final non-appealable order of this Court."

27. On May 22, 2008, Defendant's Chapter 11 case was closed by this Honorable Court.

28. On July 21, 2009, the Hon. Robert B. Kugler of the U.S. District Court for New Jersey, Camden Vicinage, granted Plaintiff's motion for summary judgment against Defendant in the malpractice action, thereby dismissing Debtor's malpractice claim against Plaintiff.

29. On September 11, 2009, Defendant filed an appeal of Judge Kugler's decision to the U.S. Court of Appeals for the Third Circuit, well past the 30-day deadline for appeals.

30. On October 28, 2009, the U.S. Court of Appeals for the Third Circuit entered an Order dismissing Defendant's appeal, because it had not been timely filed.

31. Said Order ended Defendant's malpractice claim against Plaintiff.

32. On December 23, 2009, Plaintiff filed a motion in this Honorable Court to reopen Defendant's bankruptcy case in order to litigate Plaintiff's claim.

33. Said Motion was granted by this Honorable Court on February 5, 2010.

34. Plaintiff requests this Honorable Court to schedule a pre-trial conference to organize Plaintiff's adversary action against Defendant.

35. Plaintiff reduces its claim by $7,500.00, to $142,851.00, which reflects the settlement amount of $7,500.00 of a civil action that Plaintiff filed against the aforesaid Shrimpie's Ribiera, Inc. in the Philadelphia Court of Common Pleas in 2003. (*Hae Yeon Baik, Esquire vs. Shrimpie's Ribiera, Inc.*, Philadelphia County CCP, No. 03-03-02712).

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in the amount of $142,851.00, plus interest, costs, attorneys fees and all other appropriate relief.

### COUNT I: BREACH OF CONTRACT

36. Plaintiff incorporates Paragraphs 1 through 35 above, as though set forth herein at length.

37. Defendant entered into agreements with Plaintiff for various legal services in 2001 and 2002.

38. Defendant agreed to pay Plaintiff for these legal services.

39. Plaintiff performed these legal services in a professional and competent manner.

40. Defendant has refused to pay Plaintiff for the full amount of Plaintiff's services, which is $142,851.00.

41. Plaintiff has suffered financial loss as a result.

42. Defendant's refusal to pay Plaintiff for legal services amounts to a breach of contract on the part of Defendant.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in the amount of $142,851.00, plus interest, costs, attorneys fees and all other appropriate relief.

### COUNT II: ACTION ON AN ACCOUNT STATED

43. Plaintiff incorporates Paragraphs 1 through 42 above, as though set forth herein at length.

44. During Plaintiff's representation of Defendant in 2001 and 2002, Plaintiff would send Defendant invoices that would list the legal services provided and the amount charged for these services.

45. These invoices were based upon timesheets that Plaintiff had maintained.

46. Said timesheets were accurate and running accounts of all debits and credits for the providing of such legal services.

47. Defendant had ample opportunity to review the aforesaid invoices, and never objected to the accuracy of said invoices.

48. Defendant has refused to pay Plaintiff for the full amount of Plaintiff's services, which is $142,851.00.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in the amount of $142,851.00, plus interest, costs, attorneys fees and all other appropriate relief.

### COUNT III: QUANTUM MERUIT

49. Plaintiff incorporates Paragraphs 1 through 48 above, as though set forth herein at length.

50. Beginning in 2001, Plaintiff, at the request of Defendant, and with her knowledge and approval, represented Defendant in various legal cases.

51. In the course of Plaintiff's representation, Plaintiff was required to furnish legal services and incur costs for the benefit of Defendant in connection with said cases.

52. The fair and reasonable value of the unpaid services that Plaintiff rendered to Defendant amounts to $142,851.00.

53. Defendant has refused to pay Plaintiff for the full amount of Plaintiff's services, which is $142,851.00.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in the amount of $142,851.00, plus interest, costs, attorneys fees and all other appropriate relief.

### COUNT IV: UNJUST ENRICHMENT

54. Plaintiff incorporates Paragraphs 1 through 53 above as though set forth herein at length.

55. Defendant has benefited from Plaintiff's services.

56. However, Defendant has failed to pay Plaintiff for the full amount of these services, which is $142,851.00.

57. By deriving benefits from Plaintiff's services, but not paying the full amount for these services, Defendant has been unjustly enriched at Plaintiff's expense.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in the amount of $142,851.00, plus interest, costs, attorneys fees and all other appropriate relief.

### COUNT V: FRAUD

58. Plaintiff incorporates Paragraphs 1 through 57 above as though set forth herein at length.

59. Defendant promised to pay for Plaintiff's legal services without intending to pay for such services.

60. The sole purpose of Defendant making such promises to Plaintiff was to induce Plaintiff to perform legal services on her behalf, knowing that she did not intend to pay for them.

61. Such deceitful conduct amounts to fraud on the part of Defendant.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in the amount of $142,851.00, plus interest, costs, attorneys fees and all other appropriate relief.

Respectively submitted,

/s/ Matteo Samuel Weiner

Matteo Samuel Weiner, Esquire
Attorney for Plaintiff/Creditor

3/5/10
Date